**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**LONNIE L. WILSEY,**

    **Plaintiff,**

**vs.**           **CASE NO. 1:06CV113-MP/AK**

**L. MERRIT, et al,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that the Defendants, both mail room employees at Mayo Correctional Institution, sent back his legal mail stating that he had been released and this caused his federal court cases (1:03cv28; 1:03cv50 and 1:03cv64) to be dismissed. (Doc. 13).

Both Defendants have moved to dismiss on grounds that Plaintiff failed to name either of them in his grievances. (Docs. 20 and 26).

**I.    Standard of Review**

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v.

Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960). The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990). Dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The motion to dismiss will be granted if the "complaint fails to allege the violation of a clearly established constitutional right." St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002), *citing* Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001), (citing Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997)).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss. Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993). However, this does not mean "that every statement in a complaint must be accepted as true." In re Mosello, 190 B.R. at 168. The "court need not accept 'sweeping and unwarranted averments of fact.'" *Id.*, *citing* Perniciaro v. Natale, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Claims which "rely upon conclusory statements of law" need not be accepted. Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995). Conclusory statements and their

**No. 1:06CV113-MP/AK**

inferences "are not sufficient to defeat a motion to dismiss for failure to state a claim." Northern Trust Co., 69 F.3d at 129; *see also* Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding "[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.")

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

**No. 1:06CV113-MP/AK**

**II.     Analysis**

       a)     <u>Failure to exhaust</u>

Defendants filed their motions prior to the Supreme Court case of <u>Jones v. Bock</u>, 127 S. Ct. 910 (January 22, 2007), which held that the failure to name defendants in administrative grievances does not automatically render the grievance process unexhausted.  The Court found that the Prisoner Litigation Reform Act (PRLA), 42 U.S.C. §1997e, does not impose such a requirement and unless the DOC policy at issue specifies this level of detail then such a prerequisite to exhaustion is unwarranted. The Eleventh Circuit position on this issue prior to <u>Jones</u> was set forth in the case cited by Defendants in their motion.  In <u>Brown v. Sikes</u>, 212 F.3d 1205, 1210 (11th Cir. 2000), the Court of Appeals held that an inmate must "provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner can reasonably provide." However, as the undersigned understands <u>Jones v. Bock</u>, unless the Florida DOC policy specifically requires that defendants be identified by name in the grievance process, the Eleventh Circuit cannot create this rule.

The Court has reviewed the applicable sections of the Florida Administrative Code, Chapter 33-103.005; 33-103.006 and 33-103.007, and the only specified requirements for the grievance process from informal grievance through the appeal is that the form be legible, signed and dated, that the facts be accurately stated, and that only one issue be presented per grievance.  There is no policy requirement that the

**No. 1:06CV113-MP/AK**

defendants be named. Thus, insofar as Defendants assert this as grounds for dismissal, the motion is denied.

    b)    <u>Access to Courts</u>

In <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), the Supreme Court announced the following three-part test for determining whether a denial of access to the courts has, in fact, caused actual injury under the Constitution:

> 1. The action must involve an attack to the prisoner's sentence, directly or collaterally, or challenge the conditions of his confinement.
> 2. The prisoner must show the claim to which he was impeded was not frivolous.
> 3. The conduct complained of must have impeded the inmate's capability to file the non-frivolous action challenging his sentence or the conditions of his confinement.

*Id.* at 1281-83.

The Court has carefully reviewed the history of the cases Plaintiff claims were dismissed because of the actions of Defendants Merrit and Townsend.

In Case No. 1:03CV28, Plaintiff sued several state attorneys for causing him to plead to an information when he should have been indicted, and he also named several medical personnel and staff at Levy County Jail for "malpractice," but he asserted no facts whatsoever on these claims in the body of the complaint. He sought damages for humiliation and embarrassment. These claims are frivolous. Even if the case had not been dismissed because the mail was returned, it would have been dismissed substantively for failure to state a claim. Also, the case was dismissed without prejudice (doc. 19), so that Plaintiff could have re-filed it when he realized it had been erroneously dismissed, and he appealed it to the Eleventh Circuit Court of Appeals and failed to

**No. 1:06CV113-MP/AK**

prosecute that appeal. (Doc. 33). Thus, the claim Plaintiff asserts was impeded was a frivolous cause of action and any hindrance to the claim caused by Defendants' actions could have been rectified by Plaintiff by either re-fling the complaint or pursuing his appeal.

In Case No.1:03cv50, Plaintiff was instructed to submit service copies of the second amended complaint (doc. 12) in July 2003. (Doc. 13). Plaintiff received this order at the Levy County Jail because he filed a motion complaining that the jail would not make copies of his complaint, and he requested that the Court pay for the copies (doc. 14), which the Court denied. (Doc. 15). The actions of which Plaintiff complains in the present lawsuit did not occur until November 20, 2003. Plaintiff did not advise the Court that he was transferred to Mayo Correctional Institution and the Court learned of his new address only because the mail was returned and the Clerk's Office obtained his new address from the DOC offender database. The Order (doc. 15) was re-mailed to Mayo Correctional Institution on September 29, 2003, which Plaintiff apparently received because he submitted service copies, but he did not submit copies of the second amended complaint as he was directed to do. The Court then advised him by Order dated October 9, 2003, that he must submit identical copies. (Doc. 17). It was this order that was returned as undeliverable by Mayo Correctional Institution. A Report and Recommendation was entered (doc. 19), and mailed to Plaintiff at Levy County Jail, which was also returned (doc. 20), but it was re-mailed to Mayo Correctional Institution. Obviously, Plaintiff received this mail and filed objections (doc. 21), which were denied,

**No. 1:06CV113-MP/AK**

and the case was dismissed, but without prejudice. (Doc. 22 and 23). Again, Plaintiff could have re-filed this action, but chose not to. Thus, even though Defendants' actions of returning the mail to the Court ultimately caused this action to be dismissed, Plaintiff was on notice that the Court wanted identical copies of the second amended complaint, which he failed to submit, he did not advise the Court when he was transferred from Levy County Jail to Mayo CI, and he could have re-filed the complaint, but did not.

Likewise, when Plaintiff's mail was returned by Mayo Correctional Institution in Case No. 1:03CV64, it was recommended that it be dismissed (doc. 14), but the district judge did not adopt these recommendations because Plaintiff asserted in his objections that Mayo CI had improperly returned his mail to the Court. (Doc.15). The case was referred back to the undersigned who advised Plaintiff to file a second amended complaint because his earlier pleadings were insufficient. (Docs. 11 and 19). When no amended pleading was filed, the Court entered a show cause order advising Plaintiff that if he did not comply it would be recommended that the cause be dismissed for failure to prosecute. (Doc. 21). **This order was not returned as undeliverable**. A Report and Recommendation (doc. 22) was entered, no objections were filed, and it was adopted. (Doc. 23). **None of these court papers were returned as undeliverable either.** Thus, Defendants' actions were not involved in the dismissal of this lawsuit.

After careful consideration, the undersigned is of the opinion that the actions of the Defendants, while perhaps negligent in returning some of Plaintiff's legal mail, did

**No. 1:06CV113-MP/AK**

not cause actual injury as required by the case law cited supra.  At least two of the cases Plaintiff filed were frivolous (Nos. 1:03CV28 and 1:03CV64), and the one case arguably with merit (No. 1:03CV50) could have gone forward in spite of these Defendants actions if Plaintiff had complied with the Court's order to provide identical service copies or if he had advised the Court of his initial transfer to Mayo CI as was his responsibility or if he had re-filed the case after it was dismissed.  There is nothing about Defendants' actions that imply any purpose in thwarting Plaintiff's court actions since none of these lawsuits involved anyone at Mayo CI.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motions to Dismiss (docs. 20 and 26) be **GRANTED**, but not for the reasons asserted therein (failure to exhaust), but for failure to state a claim and that this cause be **DISMISSED**.  The order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this *11th* day of July, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and

**No. 1:06CV113-MP/AK**

**recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06CV113-MP/AK**